FILED
CLERK U S DISTRICT COURT
AUG 10 2007
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority ✓
Send ✓
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Amini Innovation Corporation, | CASE NO.: CV07-4823-SVW(MANx) |
| Plaintiff | NEW CASE ORDER |
| vs. | |
| KTY International Marketing, etc, et al., | |
| Defendant. | |

This case has been assigned to the calendar of Judge Stephen V. Wilson. The Court fully adheres to Rule 1 of the Federal Rules of Civil Procedure which requires that the Rules be "construed to secure the just, speedy and inexpensive determination of every action."

Counsel should also be guided by the following special requirements:

1. The Plaintiff shall <u>promptly</u> serve the complaint in accordance with the Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rule 5-3.

2. The attorney attending any proceeding before this Court <u>must</u> be the attorney who is primarily responsible for the conduct of the case.

///
///
///

DOCKETED ON CM
AUG 13 2007
BY _____ 067

1      3. Motions: Motions shall be filed and set for hearing in accordance with Local
2  Rule 7-4 through 7-8. Motions are heard on Mondays at 1:30 p.m., unless otherwise
3  ordered by this Court. If Monday is a national holiday, this Court DOES NOT hear
4  motions on the succeeding Tuesday. Any motions noticed for a holiday shall
5  automatically be set to the next Monday without further notice to the parties.

6      A. <u>Page Limits</u>: Memoranda of Points and Authorities in support of or in
7  opposition to motions shall not exceed <u>25 pages</u>. Replies, thereto, shall not exceed
8  <u>12 pages</u>. These are maximum page limits. It is the Court's preference that the
9  pleadings be shorter. If it cannot be said briefly, then it is not a "brief."

10     B. <u>Motions for Summary Judgment</u>: Use of depositions.

11     Pursuant to Local Rule 32-1, no original or copy of a deposition shall be
12 lodged in support of a Motion for Summary Judgment (or other substantive motion).
13 Counsel shall file the pertinent excerpts of depositions as an exhibit or supplement
14 to said motion.

15     4. DISCOVERY: ALL DISCOVERY MATTERS HAVE BEEN REFERRED
16 TO A UNITED STATES MAGISTRATE JUDGE (see initial designation in
17 parenthesis following the case number) for the specific purpose of hearing all
18 discovery matters. Discovery disputes of a significant nature should be brought
19 promptly before the Magistrate Judge. The Court does not look favorably upon delay
20 resulting from unnecessarily unresolved discovery disputes. Any discovery disputes
21 that are not resolved three (3) weeks prior to the scheduled trial date should be
22 brought promptly and directly to the attention of <u>this</u> Court. Counsel are directed to
23 contact the clerk for the assigned Magistrate Judge to schedule matter for hearing.
24 The words <u>DISCOVERY MATTER</u> shall appear in the caption of all documents
25 relating to discovery to insure proper routing.

26     The decision of the Magistrate Judge shall be final and binding, subject to
27 modification by the District Court only where it has been shown that the Magistrate
28 Judge's order is clearly erroneous or contrary to law.

1    Within ten (10) days of an oral ruling which the Magistrate Judge indicates will
2 not be followed by a written ruling, or within ten (10) days of service upon him/her
3 of a written ruling any party may file and serve a motion for review and
4 reconsideration before this Court, specifically designating the portions of the decision
5 objected to and specifying wherein such portions of the decision are clearly erroneous
6 of contrary to law, with points and authorities in support thereof. A copy of the
7 moving papers and responses, etc., shall be delivered to the Magistrate Judge's clerk
8 for review upon the filing of said documents.

9    5. EX PARTE APPLICATIONS: Ex parte applications are considered on the
10 papers and are not set for hearing. Counsel are advised to file and serve their ex parte
11 applications as soon as they realize that extraordinary relief is necessary. Counsel are
12 advised that this Court allows ex parte applications solely for extraordinary
13 relief. Sanctions may be imposed for misuse of ex parte applications. See In Re:
14 Intermagnetics America, Inc., 101 Bankr. 191 (C.D. Cal. 1989). The requesting party
15 shall notify the responding party that opposing papers must be filed not later than
16 3:00 p.m. on the first business day succeeding the day the ex parte was served.
17 If counsel are not going to oppose the ex parte application, they must inform the clerk
18 at (213)894-2881. Counsel will be notified by the clerk of the Court's ruling.

19    6. TRIAL PREPARATION: This Court strives to set trial dates as early as
20 possible and does not approve of unnecessarily protracted discovery. This Court
21 issues an "Order Re: Trial Preparation" upon the setting of a trial date.

22    7. CONTINUANCES: Continuances are granted only upon a showing of good
23 cause, particularly focusing upon evidence of diligent work by the party seeking delay
24 and of prejudice that may result from the denial of a continuance. Counsel requesting
25 a continuance MUST submit a detailed declaration as to the reason. Any
26 continuances requested not accompanied by said declaration will be rejected without
27 notice to the parties. The Court sets firm trial dates and will not change them without
28 good cause having been shown.

Case 2:07-cv-04823-SVW-MAN   Document 4   Filed 08/10/07   Page 4 of 5   Page ID #:24

1      8. STIPULATIONS: NO stipulations extending scheduling dates set by this Court are effective unless approved by this Court. All stipulations must be accompanied by a <u>detailed</u> declaration explaining the reason for the stipulation. Any stipulation not in compliance with this Order or the Local Rules of the Central District will automatically be rejected without notice to the parties. Stipulations shall be submitted well in advance of the relief requested. Counsel wishing to know whether or not a stipulation has been signed shall comply with Local Rule 11-4.5.

    9. NOTICE: Counsel for plaintiff, or plaintiff, if appearing on his or her own behalf, is required to promptly give notice of these requirements to the opposing parties or their counsel. If this case came to this Court via a Petition for Removal, this burden falls to the removing defendant.

    10. NOTICE OF REMOVAL: Any answers filed in state court <u>must</u> be re-filed in this Court as a supplement or exhibit to the Notice. If an answer has not, as yet, been filed, said answer or responsive pleading shall be filed in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Central District. Any pending motions must be re-noticed according to Local Rule 7-4.

    11. BANKRUPTCY APPEALS: Counsel shall comply with the ORDER RE PROCEDURE TO BE FOLLOWED IN APPEAL FROM BANKRUPTCY COURT issued at the time the appeal is filed in the District Court. The matter is considered submitted upon the filing of the appellant's reply brief. No oral argument is held unless by order of this Court.

    12. TRANSCRIPTS: Requests for transcripts shall be made in writing to: Court Reporters Department, U.S. Courthouse, 312 N. Spring St., 4th Fl., Los Angeles, CA 90012. The Court Reporter Department's telephone number is (213) 894-3015. Arrangements for daily transcripts shall be made not later than five (5) days prior to the hearing or trial to be transcribed. Requests for daily transcripts made on the day of the hearing/trial to be transcribed may not be honored; it shall be at the discretion of the assigned court reporter.

1       Counsel representing the United States or one of its agencies shall present a
2 preauthorization purchase order when ordering transcripts.

4 Dated: August 10, 2007

                                               /s/ Stephen V. Wilson
                                       STEPHEN V. WILSON
                                       UNITED STATES DISTRICT JUDGE