AO 120 (rev. 2/97)  FILED  DOCKET NO. 07-19718

| TO: | REPORT ON THE FILING OR DETERMINATION OF AN ACTION REGARDING A PATENT OR TRADEMARK |
|---|---|
| Commissioner of Patents and Trademarks<br>Washington, D.C. 20231   2007 JUL 26 PM 2:05 | |

In Compliance with 35 § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court  Central District of California  on the following ☒ Patents or ☐ Trademarks

| CASE NO.<br>CV 07 4823 SVW (MAN) | DATE FILED | U.S. DISTRICT COURT<br>Central District of California |
|---|---|---|
| PLAINTIFF<br>AMINI INNOVATION CORPORATION | | DEFENDANT<br>KTY International Marketing, et al. |

| PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1.  D487,363 | 03/09/04 | Amini Innovation Corporation |
| 2.  D487,548 | 03/16/04 | Amini Innovation Corporation |
| 3.  D486,980 | 02/24/04 | Amini Innovation Corporation |
| 4.  D487,202 | 03/02/04 | Amini Innovation Corporation |
| 5.  D536,558 | 02/13/07 | Amini Innovation Corporation |
| 6.  D535,507 | 01/23/07 | Amini Innovation Corporation |
| 7.  D530,538 | 10/24/06 | Amini Innovation Corporation |
| 8.  D524,060 | 07/04/06 | Amini Innovation Corporation |
| 9.  D539,058 | 03/27/07 | Amini Innovation Corporation |
| 10. D530,116 | 10/17/06 | Amini Innovation Corporation |
| 11. D514,839 | 02/14/06 | Amini Innovation Corporation |

In the above-entitled case, the following patent(s) or trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | | |
|---|---|---|---|
| PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK | |
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |

In the above-entitled case, the following decision has been rendered or judgment issued:

DECISION/JUDGMENT

DOCKETED ON CM  AUG - 2 2007  BY  019

T:\07-19718\REPORT ON FILING AN ACTION REGARDING A PATENT.DOC

| CLERK | (BY) DEPUTY CLERK | DATE | DOCKET NO. 07-19718 |
|---|---|---|---|
| SHERRI R. CARTER | Jena Hogan | 10/10/07 | |

COPY 1 - Upon initiation of action, mail this copy to Commissioner
COPY 2 - Upon filing document adding patent(s) or trademark(s), mail this copy to Commissioner
COPY 3 - Upon termination of action, mail this copy to Commissioner
COPY 4 - Case file copy



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AMINI INNOVATION CORPORATION | ) | CV 07-4823-SVW (MANx) |
| Plaintiff, | ) | ORDER GRANTING DEFENDANTS' MOTION TO STAY [12] AND RESPONDING TO ISSUE OF SEVERANCE [15] |
| v. | ) | |
| KTY INTERNATIONAL MARKETING, et al. | ) | |
| Defendants. | ) | |

Priority ✓
Send ✓
Enter ✓
Closed
JS-5/JS-6 ✓
JS-2/JS-3
Scan Only

I.  FACTUAL AND PROCEDURAL BACKGROUND

. This is an action for copyright and patent infringement brought by Plaintff Amini Innovation Corp. ("Amini") against Collezione Europa USA ("Collezione") and three California retailers of Collezione's products (KTY International Marketing, Fine Living Furniture, and Tom's Farms, LLC). Both Amini and Collezione are makers and sellers of furniture. Amini is a California corporation, while Collezione is a corporation based in New Jersey. Amini alleges that Collezione sells furniture infringing on its patented and copyrighted designs. The remaining defendants are California furniture retailers who Amini alleges are also selling infringing furniture supplied from Collezione.

In 2005, Amini began bringing infringement actions against various furniture retailers selling Collezione-produced furniture. On May 5, 2006, Amini initiated an infringement action in a Texas

1  federal court against Bel Furniture ("Bel"), a Texas retailer of
2  Collezione furniture. Amini asserts that at this time they did not
3  suspect that Collezione was the source of the allegedly infringing
4  furniture. During discovery in the Texas litigation, Amini learned
5  that Collezione supplied at least some of Bel's products and served
6  Collezione with a subpoena. Collezione subsequently filed a federal
7  action for declaratory relief against Amini on October 13, 2006 in
8  the District of New Jersey. Collezione sought a declaration of non-
9  infringement or invalidity of certain Amini furniture copyrights
10 and patents. Collezione amended their complaint in the New Jersey
11 action on October 31, 2006 to expand its scope. Collezione's New
12 Jersey complaint now seeks a declaration of non-infringement as to
13 all intellectual property allegedly owned by Amini. On October 27,
14 2006, Amini amended its complaint in Texas to include Collezione as
15 a defendant. In June of 2005, after Bel had settled with Amini,
16 Amini's Texas action against Collezione was transferred and
17 consolidated with the New Jersey action.
18     On July 26, 2007, Amini commenced the present action against
19 Collezione and three of its California customers in this Court
20 alleging infringement of certain copyrights and design patents
21 different than those at issue in the original Texas action. In the
22 New Jersey court, Collezione has filed a motion to enjoin
23 prosecution of any other intellectual property proceedings between
24 Amini and Collezione in favor of the New Jersey action. Amini has
25 filed a motion to transfer the action in New Jersey to this Court.
26 Both motions are still pending in New Jersey.
27
28

On August, 27, 2007 Defendants filed in this Court a motion seeking a stay or, in the alternative, an extension of time to respond to the Complaint. Defendants claim this action is duplicative of the New Jersey litigation and should be stayed in favor of the first-filed New Jersey action's ruling on the Motion to Enjoin. Amini opposes this motion. Both the Plaintiff and Defendants have also filed short briefs as to the issue of severance pursuant to the Court's Order to Show Cause.

II. ANALYSIS

A. First to File Rule

Defendants allege that since the New Jersey action is substantially identical to the action in this Court and was first filed, the action in this Court should be stayed in favor of the New Jersey action. As a general matter, if two identical actions are filed in two different federal courts, then the second action should be dismissed or stayed in favor of the first filed action. The court in which the first of the actions was filed generally decides whether this rule applies. See, e.g., In re Popp, 323 B.R. 260, 268 (9th Cir. 2005); Barapind v. Reno, 225 F.3d 1100, 1109 (9th Cir. 2000); Advanced Fibre Communications v. DSC Communications, 78 F.3d 591, 591 (9th Cir. 1996); Alltrade Inc. v. Uniweld Products, Inc., 946 F.2d 622, 625 (9th Cir. 1991). A number of district courts have found this "first to file" rule applies in cases where the two suits at issue were not identical, but only "substantially similar." Nova Wines, Inc. v. Adler Fels Winery, LLC 2007 WL 708556, at *3 (N.D. Cal. 2007) (quoting Nakash v. Marciano,

3

882 F.2d 1411, 1417 (9th Cir.1989); see also e.g., Best Western Intern., Inc. v. Mahroom, 2007 WL 1302749, at *2 fn. 1 (D. Ariz. 2007); SAES Getters S.p.A. v. Aeronex, Inc., 219 F. Supp. 2d 1081, 1089 (S.D. Cal. 2002); Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc., 179 F.R.D. 264, 270 (C.D. Cal. 1998). On the whole, the application of the first to file rule is subject to a district court's discretion and my be excepted for equitable reasons such as "bad faith," "anticipatory suit," or "forum-shopping." Alltrade, 946 F.2d at 627-28.

B.  Similarity of the Claims

Amini asserts that a stay is not appropriate in this case because the issues are not substantially similar. Amini asserts patents and copyrights are at issue in this case that are not at issue in the New Jersey action. Defendants assert this is not the case because Collezione's amended complaint in the New Jersey action seeks declaratory relief with regard to "all" Amini patents and copyrights. Defendants argue that under Federal Rule of Civil Procedure 13(a), Amini's claims of infringement against Collezione for all their patents and copyrights are compulsory counterclaims in New Jersey court. Therefore all of Amini's infringement claims against Collezione must be brought in New Jersey and not California. Hence any infringement claims brought in this Court are necessarily duplicative of claims that belong in the New Jersey court. F.R.C.P. 13(a) does state:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any

4

opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Furthermore, the Federal Circuit has clearly held:

> Rule 13(a) makes an infringement counterclaim to a declaratory judgment action for noninfringement compulsory. In addition, this court finds that the compulsory nature of an infringement claim in response to a declaratory judgment action for patent noninfringement and the resulting waiver and bar that occurs if not exercised warrant a uniform national rule.

Polymer Industrial Products Co. v. Bridgestone/Firestone, Inc., 347 F.3d 935, 938 (Fed. Cir. 2003). In light of the language of Rule 13(a) and this clear ruling, it does appear that any potential copyright or patent infringement by Amini against Collezione must be filed in the New Jersey action. Hence to the extent there are claims of infringement at issue in this action that have not been brought in New Jersey, they are improperly brought. All remaining claims are duplicative. Similarity of claims therefore appears to exist between the two actions.

### C. Similarity of the Parties

Amini also protests a stay order on the grounds that the parties in the two actions are not identical. Amini in this case is not only suing Collezione, but also three of its customers.

However, Defendants assert that the parties need not be identical to issue a stay when the real parties at issue are present in both cases. Best Western, at *1 fn.1. Defendants argues that, since it is the manufacturer and source of the allegedly infringing products, it and Amini are the real parties at issue. Furthermore, Defendants assert that any concerns about the similarity of the parties to the two actions are resolved by the commitment of the three retailer defendants in this suit to being bound by the holding of the New Jersey action with regard to liability. This would leave only the resolution of distinct damages issues in this Court following a decision by the New Jersey court. Prior district courts have accepted similar arrangements in granting a stay. See, e.g., Systematic Tool & Mach. Co. v. Walter Kidde & Co., Inc., 1970 WL 10086 (N.D. Ill. 1970), reversed on other grounds.

Amini does not contest that the parties need not be identical to issue a stay. However, it argues that since the three retailer defendants at issue can likely not be joined to the New Jersey action and are not being indemnified by Collezione that a stay in this case is not appropriate. It is not at all clear what relevance indemnification or joinder has to this issue given the retailer defendants' willingness to be bound by the New Jersey action. Neither indemnification nor the possibility of joinder seem logically necessary for such an agreement to be effective. In any case, Defendants assert in their Reply that Collezione is indemnifying the retailer defendants.

Amini also contests whether the retailer defendants have in fact bound themselves to the result of the New Jersey action. Amini

argues that the declarants of the customer defendants lack the authority to bind their respective companies because one, Mr. Cao, is merely a buyer, and another, Mr. Linzano, is only a general manager. However, all three declarants for retailer defendants have provided further declarations at the Court's request asserting they have the authority to bind their respective companies to the liability holding of the New Jersey action and have done so. (Supp. Decs. Ex. 1-3) In light of these statements, it would appear that the parties at issue in both actions are substantially similar for purposes of issuing a stay.

### D. Other Objections to Stay

Amini also generally contests the stay as creating unreasonable and indeterminate delay given the slowness of the New Jersey court. Amini alleges the Defendants seek a stay in bad faith only to create delay so they can continue their infringing activities. However, Amini's assertions of indeterminate delay are not persuasive in light of the clear duplicative litigation that would result if a stay is not issued in this case. Furthermore, Amini offers no specific evidence to corroborate its accusations of bad faith. Therefore, there appears to be no substantial reason for the Court to not grant a stay in this case.

### E. Severance

Both the Plaintiff and Defendants have also submitted short briefs on the issue of whether the claims against the parties in this case should be severed pursuant to the Court's Order to Show

7

Cause. In light of the Court's decision to grant a stay, severance of Plaintiff's claims is currently premature. If the New Jersey district court grants Defendants' Motion to Enjoin the issue of severance may ultimately be rendered moot. Furthermore, Defendants assert that if the motion to enjoin is denied, then they will move to dismiss this action as duplicative or have it transferred to the New Jersey federal court. If either motion is granted, then again the severance issue will be rendered moot. Therefore, the Court will not decide the issue of severance at this time.

III.     CONCLUSIONS

Defendants' Motion to Stay is GRANTED. At such time as any party feels the reasons stated in this Order for granting stay are no longer applicable, that party may make application to the Court for lifting of the stay.

IT SO ORDERED.

DATED: 1/10/07

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

8